IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARCHER DANIELS MIDLAND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3215 |
| v. | ) ) | |
| PAUL SOUCIE, | ) ) | ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT |
| Defendant. | ) ) | |

Today a document # 12 was filed, titled "Motion to Set Aside Default Judgment." That motion in its first paragraph refers to his "Motion to Set Aside the Motion for Clerk's Entry of Default" and asks that the court enter an order "setting aside the Clerk's Entry of Default" and for such other and further relief as deemed appropriate. The plaintiff now has filed a brief in opposition to defendant's motion.

In view of this motion, whereby the defendant has made an appearance through counsel, and in view of the fact that no default judgment was entered by the clerk, there appears to be nothing to set aside, with the possible exception of the Clerk's Entry of Default, document #9. Rule 55(c) requires a showing of good cause in order to set aside an Entry of Default. The assertion in the Motion to Set Aside Default Judgment that the defendant believes there was no agreement under any Hedge to Arrive contract is deemed good cause.

IT THEREFORE IS ORDERED that the document titled "Motion to Set Aside Default Judgment" filing 12 is granted to the extent that it asks that the Clerk's Entry of Default, document 9, is set aside and the reference to "Motion to Set Aside the Motion for Clerk's Entry of Default" is moot. The defendant shall have until December 3, 2008, to file an answer or otherwise plead to the complaint.

Dated November 19, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge