IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARCHER DANIELS MIDLAND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3215 |
| v. | ) ) | |
| PAUL SOUCIE, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

The plaintiff's complaint alleges the defendant breached a contract to sell twenty-five thousand bushels of soybeans to the plaintiff at a set price per bushel under a Hedge to Arrive (HTA) arrangement, with delivery to occur within a specified date range. Filing No. 1. Pending before the court is the plaintiff's motion to compel the defendant to produce "for inspection and copying certain ledgers, documents and other tangible things reflecting crop production records maintained by defendant Soucie." Filing No. 55.

The plaintiff served the following requests for production on the defendant:

REQUEST NO.3:  Any documents, receipts, notices, trade confirmations, contracts, invoices, notes, statements, reports, records, or any other tangible documents or things relating to any sale of grain crop by you or your agents or representatives to a third party within the last five (5) years.

REQUEST NO.4:  Any documents, receipts, notices, trade confirmations, receipts, contracts, invoices, notes, statements, reports, records, or any other tangible documents or things relating to any sale or offer to sell grain crop by you or your agents or representatives to plaintiff.

Filing No. 56-2, at CM/ECF p. 1. The defendant's responses were served on February 23, 2009. No objections were raised.

The defendant was deposed on February 26, 2009, and during that deposition, stated there were crop production records stored in the cellar of his home. The defendant explained his crop production records are kept in separate folders for each year, and at the close of a year, are placed in a blue bag and stored in the defendant's cellar for three to five years. These records had not been produced in response to the plaintiff's written discovery. During the deposition, the defendant was asked to provide the records to defense counsel who could then, in turn, forward them to plaintiff's counsel. The defendant agreed to do so. Filing No. 56-2, at CM/ECF p. 1 ¶ 3, & pp. 10-12.

On March 4, 2009, plaintiff's counsel sent a letter to defense counsel which stated, "Please consider this as a formal request for production of true and accurate photocopies of your client's records related to crop production described by him in his deposition at pages 36:9 through 38:9." Filing No. 56-2, at CM/ECF pp. 1-2 ¶ 4, & p. 13. Having received no response, plaintiff's counsel spoke with defense counsel and sent a reminder letter on April 13, 2009. Filing No. 56-2, at p. 2 ¶ 5, & p. 15. The defendant did not respond.

By followup email sent on April 28, 2009, defense counsel sent the March 4, 2009 letter to plaintiff's counsel a second time. Filing No. 56-2, at p. 2 ¶ 6, & p. 16. The defendant did not respond.

In an email sent on May 15, 2009, plaintiff's counsel stated:

> If I do not have something from your client in response to my requests both formal and informal [see e.g., my letters to you of 3/4/09 and

4/13/09] by May 20 I am going to file a motion to compel. I would prefer not to have to go through the time and expense.

Filing No. 56-2, at CM/ECF p. 2 ¶ 7, & p. 17. Plaintiffs' counsel again verbally requested the information on June 10, 2009. Filing No. 56-2, at CM/ECF p. 2 ¶ 8. Having still received no response, plaintiff filed its motion to compel on June 30, 2009.

The defendant has not responded to the motion to compel and the deadline for doing so has expired. Plaintiff's motion to compel is deemed fully submitted.

Requests for production 3 and 4would encompass the crop production records described by the defendant during his deposition. The defendant did not object to these requests. The defendant has been afforded ample time to produce the crop production records, and during his deposition, agreed to provide them. However, despite numerous requests, the records have not been forthcoming. There is no substantial justification for the defendant's failure to comply with the plaintiff's requests. Accordingly,

IT IS ORDERED:

1) The plaintiff's motion to compel, (filing no. 55), is granted.

2) On or before August 6, 2009, the defendant shall produce his ledgers and other crop production records for inspection and copying by the plaintiff.

DATED this 23rd day of July, 2009.

BY THE COURT:
*Richard G. Kopf*
United States District Judge,
in the absence of Magistrate Judge Piester,
and with the agreement of Judge Urbom